1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11

12  FOREST GUARDIANS and                    )   Civil No. 06-CV-02560–L(LSP)
    BIODIVERSITY CONSERVATION               )
13  ALLIANCE,                               )
                                            )   **ORDER DENYING DEFENDANT**
14                    Plaintiffs,           )   **ANADARKO PETROLEUM**
                                            )   **CORPORATION'S MOTION TO**
15  v.                                      )   **TRANSFER VENUE [doc. # 33]**
                                            )
16  DIRK KEMPTHORNE, Secretary of the       )
    Interior, and H. DALE HALL, Director of )
17  the U.S. Fish and Wildlife Service,     )
                                            )
18                    Defendants,           )
                                            )
19  ANADARKO PETROLEUM                      )
    CORPORATION and STATE OF                )
20  WYOMING,                                )
                                            )
21                    Defendant-Intervenors.)
                                            )
22  _____)

23        Forest Guardians and Biodiversity Conservation Alliance ("plaintiffs") challenge the

24  decision of the U.S. Fish & Wildlife Service ("FWS") to withdraw its proposed rule to list the

25  mountain plover as a threatened species under the Endangered Species Act ("ESA"), 16 U.S.C.

26  §§ 1531-1544.  Anadarko Petroleum Corporation ("Anadarko") and the State of Wyoming were

27  granted leave to intervene as defendants.

28        Anadarko  moves to transfer the above captioned case to the United States District Court

06cv2560

for the District of Colorado pursuant to 28 U.S.C. §1404(a).  Plaintiffs oppose the motion.
Defendant-Intervenor the State of Wyoming joins in Anadarko's motion.[1]  Having fully
considered the matters presented, the Court will deny defendant's motion to transfer venue for
the reasons set forth below.

### Discussion

As noted above, Anadarko seek to transfer this action to the District of Colorado.
Anadarko contends that because prior related litigation between the parties occurred in
Colorado; one of the plaintiffs and plaintiffs' counsel are located in Colorado; none of the
plaintiffs or their counsel are located in the Southern District of California or have any
connection to this district; the administrative decision originated in Region 6 which is
headquartered in Colorado; the administrative record and the officials who participated in the
decision making are located in Colorado; and Colorado is the main breeding ground of the
mountain plover, Colorado is a more appropriate venue.

### 1.      General Venue Provision

The applicable venue provision in this case is 28 U.S.C. § 1391(e) that provides in
pertinent part that in a "civil action in which a defendant is an officer or employee of the United
States or any agency thereof acting in his official capacity or under color of legal authority,"
venue may lie in "any judicial district in which (1) a defendant in the action resides, (2) a
substantial part of the events or omissions giving rise to the claim occurred ..., or (3) the plaintiff
resides . . . ."   Anadarko does not contend that venue is improper in the Southern District of
California.[2]  Conceding, as it must, that California has an interest in the case because many
mountain plovers winter in California, Anadarko nevertheless argues that venue is proper in
Colorado, Colorado has a stronger local interest in the case, and transfer of the case would be

---

[1]      Defendants Dirk Kempthorne and H. Dale Hall have not taken a position or responded to the instant motion.

[2]      It is undisputed the mountain plover lives in both districts, and alleged threats to its habitats in both locations are "a substantial part of the events" underlying the instant action.  28 U.S.C. § 1391(e)(2).  (*See* Plaintiff's Ex. 2; Complaint ¶¶ 27, 28, 46-53, 65; Answer filed 2/12/07 ¶¶ 29, 45.)  The location of the species that is the subject matter of ESA lawsuits is routinely considered in venue challenges.  *E.g., Northwest Forest Resource Council v. Babbit*, 1994 WL 908586, at *2 (D.D.C. April 13, 1994); *McCrary*, 2006 WL 1748410 at *3.

1   more convenient for the parties.

2       **2.      Motion to Transfer Venue**

3       Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district

4   where the case could have been filed originally[3] for the convenience of the parties and witnesses

5   and in the interest of justice.  A district court has discretion "to adjudicate motions for transfer

6   according to an 'individualized, case-by-case consideration of convenience and fairness.'"

7   *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376

8   U.S. 612, 622 (1964)).  A motion to transfer venue under § 1404(a) requires the court to weigh

9   multiple factors to determine whether transfer is appropriate in a particular case.  The court may

10  consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3)

11  the familiarity of the forum with the applicable law; (4) the ease of access to evidence; (5) any

12  local interest in the controversy and (6) the relative court congestion and time to trial in each

13  forum.  *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*,

14  211 F.3d 495, 498-99 (9th Cir. 2000).  "The question of which forum will better serve the

15  interest of justice is of predominant importance on the question of transfer, and the factors

16  involving convenience of parties and witnesses are in fact subordinate."  *Wireless Consumers*

17  *Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, *4 (N.D.  Cal. Oct.14, 2003).

18      The moving party, in this case Anadarko, bears the burden of showing that the

19  inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. &*

20  *P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

21      **a.      Plaintiff's Choice of Forum**

22      In the usual case, unless the balance of the § 1404(a) factors weighs heavily in favor of

23  the defendants, "the plaintiff's choice of forum should rarely be disturbed."  *See Securities*

24  *Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985); *see also Decker Coal Co.*

25  *v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)("defendant must make a strong

26

27         [3]      The phrase "where it might have been brought" found in § 1404 means had the action
    originally been brought in the transferee court, that court would have had personal jurisdiction and
28  subject matter jurisdiction over the action, venue would have been proper and service could have been
    accomplished.  In this case, it is undisputed these requirements are met.

1  showing of inconvenience to warrant upsetting the plaintiff's choice of forum").  If the balance

2  of convenience weighs strongly in favor of transfer, however, the Court may accord less

3  deference to a plaintiff's chosen forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805

4  F.2d 834, 843 (9th Cir. 1986); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).  "If the

5  operative facts have not occurred within the forum of original selection and that forum has no

6  particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to

7  minimal consideration." *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.

8  1968).

9        A forum has a sufficient connection with a challenged FWS decision that will directly

10  impact the region in a manner beyond that of a broad, general concern for endangered species.

11  *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 46-47 (D.D.C. 2006); *Trout Unlimited v.*

12  *U.S. Dept. of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996); *see also McCrary*, 2006 WL

13  1748410. *3.  Because the mountain plover spends a substantial amount of time in the

14  geographic region of the Southern District of California, and its habitats within the region are

15  allegedly threatened,   this district would be directly impacted by an ESA listing[4] of the bird.

16  The California Department of Fish and Game reported that "a potentially pivotal role and

17  responsibility" is implied for California "in the future conservation of this species" due to the

18  fact that "upwards of 90 percent" of the mountain plover winter here.  (Plaintiff's Ex. 2, Letter

19  dated March 21, 2003 from Sandra C. Morey, Chief, Habitat Conservation Plaining Branch,

20  California Department of Fish and Game to Al Pfister, Western Colorado Field Supervisor,

21  FWS)

22        Further, the Southern District of California has a particular interest in the protection of

23  wildlife living in within its boundaries, and would therefore also be impacted by a decision not

24  to list the mountain plover.  *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d at 46-47.

25  Further evidence of California's interest is demonstrated by a public meeting held in El Centro,

26  California, concerning the mountain plover as requested by local Congressman Bob Filner, who

27

28         [4]     Listing "sets in motion the Act's other provisions, including the protective regulation, consultation requirements, and recovery efforts." *Fed'n of Fly Fishers v. Daley*, 131 F. Supp. 2d 1158, 1163 (N.D. Cal. 2000), quoting S. Rep. No. 418, 97th Cong., 2d Sess., 10 (1982).

represented the 50th[5] Congressional District of California, which lies entirely within this judicial district.[6]  *See Endangered and Threatened Wildlife and Plants; Withdrawal of the Proposed Rule to List the Mountain Plover as Threatened*, 68 Fed. Reg. 53083, 53088 (Sept. 9, 2003).

Because the Southern District of California has a significant interest in the subject matter of and is sufficiently connected to the case, the Court will not reduce the consideration given to plaintiff's choice of forum.  Thus, plaintiffs' choice of forum will not be disturbed unless other factors of convenience are strong.

### b.    Balance of Convenience

In addition to considering plaintiff's choice of forum, the Court takes into account the relative convenience to all the parties and their witnesses.  *See Decker*, 805 F.2d at 843 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Anadarko argues that the Service's Region 6, which is headquartered in Denver, collected data and comments, assembled the administrative record, and prepared the decision which makes the action more conveniently heard in Colorado.  Anadarko has made no showing that the location of the headquarters of the Service Region is anything but a minor consideration in terms of convenience to the parties and witnesses.

Anadarko further contends that prior litigation initiated by plaintiffs in the District of Colorado compels transfer, "absent a strong showing" *by the plaintiff* that this District "is more convenient or has some superior interest." (Motion at 7, emphasis added)  Anadarko fails to produce any legal support for its proposition that the existence of prior litigation is a burden-shifting event.  Moreover, Anadarko fails to provide specific, relevant reasons why the prior litigation favors transfer.  Anadarko is not claiming that any previously initiated litigation is still pending in Colorado.  Nor has it demonstrated that the District Court in Colorado has gained such familiarity with the underlying issues that judicial economy would favor transfer.  *See Joe Boxer Corp. v. R. Siskind & Co.*, No. C 98-4899, 1999 WL 429549, at *9 (N.D. Cal. June 28, 1999) ("it would be a waste of judicial resources to maintain two separate actions in different

---

[5]     The district Congressman Filner represents has since been renumbered the 51st District.

[6]Public meetings were also held in Montana, Colorado, Wyoming and Kansas.   68 Fed. Reg. at 53088.

1   districts between the same parties involving the same underlying disputes"); *Comptroller of*

2   *Currency v. Calhoun First Nat'l Bank*, 626 F. Supp. 137, 141 (D.D.C. 1985) (multiple pending

3   cases with the same factual underpinnings supported transfer where judicial resources could be

4   conserved by coordinating pretrial discovery and litigation within a geographical area would

5   save time and energy for the parties and witnesses); *Home Builders Assoc. of Northern Cal. v.*

6   *U.S. Fish and Wildlife Service*, No. 06-932, 2006 WL 3334956, at *1 (D.D.C. Nov. 16, 2006)

7   (mem.) (two prior cases, including an administrative record exceeding 30,000 pages, and the

8   resulting familiarity of the transferee court with the issues involved, favored transfer).

9        The prior litigation in Colorado involved FOIA requests and the FWS's failure to meet a

10   mandatory ESA deadline.  Anadarko has failed to present evidence supporting the notion that

11   any of these cases resulted in the compilation of a lengthy record or provided the District Court

12   of Colorado with extensive familiarity with the underlying issues presented in this case.  Further,

13   none of the cases are now pending, so the conveniences and conservation of judicial resources

14   available upon transfer in *Calhoun First Nat'l Bank* are inapplicable here.  626 F. Supp. at 141.

15             **c.**     **Ease of Access to the Evidence**

16        Anadarko argues that the administrative record is located in Grand Junction, Colorado,

17   which favors transfer of venue.  (Motion at 3)  Plaintiffs assert that the "FWS plans to scan the

18   record and provide it to the parties electronically."  (Opp. at 10.)  By whatever method it travels,

19   the record will have to be sent from Grand Junction to either Denver, where the District Court of

20   Colorado is located, or San Diego, where this Court is located.  Access to evidence does not

21   cause a recognizable inconvenience to any party.

22             **d.**     **Familiarity of each forum with the applicable law**

23        "[W]here federal law governs all claims raised, 'either forum is equally capable of

24   hearing and deciding those questions.'"  *Italian Colors Rest. v. Am. Express Co.*, 2003 WL

25   22682482, *3 (N.D. Cal. Nov. 10, 2003) (quoting *DealTime.com Ltd. v. McNulty*, 123 F. Supp.

26   2d. 750, 757 (S.D.N.Y. 2000)).  Thus, this factor weighs in favor of neither party.

27             **e.**     **Local Interest**

28        "[T]he interests of justice are promoted when a localized controversy is resolved in the

region that it impacts."  *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d at 50.  As noted above,

1  the Southern District of California has significant local interest in this controversy, and the

2  controversy directly impacts this District.   The District of Colorado also has an interest in the

3  controversy and is directly impacted.  Because the regional office of the FWS in Colorado

4  played a role in the decision-making, Anadarko argues that the District of Colorado maintains a

5  greater interest and a more significant involvement in the controversy.

6       The mountain plover spends its year in numerous locations, public hearings were held in

7  other states, and other states have demonstrated an interest by initiating conservation efforts of

8  their own.  *See* 68 Fed. Reg. at 53088, 53099.  There may be numerous possibilities for venue.

9  The moving party's task is not required to convince this Court that the transferee court is the

10  most appropriate forum – venue is not limited to the district where the most substantial events

11  occurred.  *Ibrahim v. Chertoff*, 2007 WL 1558521, *5 (S.D. Cal. May 25, 2007).  Indeed, it is

12  not appropriate to transfer a case "from a plaintiff's chosen forum simply because another forum,

13  in the court's view, may be superior to that chosen by the plaintiff."  *Pain v. United Technologies*

14  *Corp.*, 637 F.2d 775, 783 (D.C. Cir. 1980), *cert. denied*, 454 U.S. 1128 (1981).  Rather, this

15  Court must be persuaded that the balance of conveniences weighs heavily in favor of the transfer

16  in order to overcome the strong presumption in favor of the plaintiff's choice of forum.  *See*

17  *Decker Coal*, 805 F.2d at 843 (emphasis added).

18       The mountain plover does not merely migrate through the Southern District of California,

19  it spends a significant portion of the year here.  Thus, the "local interest in having localized

20  controversies decided at home" is shared by both districts, and therefore, this factor is neutral

21  and does not favor transfer.

22                  **f.**    **Relative court congestion and time of trial in each forum**

23       In 2006, the median time interval from filing to disposition of civil cases in the Southern

24  District of California was 7.9 months.  Federal Judicial Caseload Statistic, Table C-5 (2006)

25  http://www.uscourts.gov/caseload2006/contents.html.  In the District of Colorado, it was 8.5

26  months.  *Id*.  This factor is neutral and does not favor transfer.

27                            **Conclusion**

28       Having weighed the relevant factors, the Court finds that Anadarko has failed to meet its

"burden of showing that the balance of conveniences weighs heavily in favor of the transfer in

1 order to overcome the strong presumption in favor of the plaintiff's choice of forum" as required
2 under 28 U.S.C. § 1404(a).

3       Accordingly, Anadarko's motion to transfer venue to the United States District Court for
4 the District of Colorado is **DENIED**.

5       **IT IS SO ORDERED**.

6 DATED:  September 5, 2007

7

8                               M. James Lorenz
                              United States District Court Judge

9 COPIES TO:

10 LEO S. PAPAS
   UNITED STATES MAGISTRATE JUDGE
11

12 ALL PARTIES/COUNSEL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28