UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREST GUARDIANS and BIODIVERSITY CONSERVATION ALLIANCE,<br><br>Plaintiffs,<br>v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior, and H. DALE HALL, Director of the U.S. Fish and Wildlife Service,<br><br>Defendants,<br><br>ANDARKO PETROLEUM CORPORATION, STATE OF WYOMING, PETROLEUM ASSOCIATION OF WYOMING, COLORADO CATTLEMEN'S ASSOCIATION, COLORADO FARM BUREAU AND WYOMING STOCK GROWERS ASSOCIATION,<br><br>Defendant-Intervenors. | Civil No.06CV2560-L(LSP)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** (Doc. 92) **AND SUBMITTING FWS'S MOTION FOR PROTECTIVE ORDER** (Doc. 90) |

At issue are cross-motions filed by Plaintiffs Forest Guardians and the Biodiversity Conservation Alliance (collectively referred to as "Plaintiffs") and Defendants Dirk Kempthorne, Secretary of the U.S. Department of Interior and H. Dale Hall, Director of the U.S. Fish and Wildlife Service (collectively referred to as "FWS"). Plaintiffs seek to compel further responses to interrogatories that were the subject of their prior motion to compel. FWS has filed a Motion for Protective Order seeking relief from Plaintiffs' efforts to depose former and current FWS employees. Briefing was filed by both parties

and on September 23, 2008, a hearing was held. Robin Cooley, Esq. appeared on behalf of Plaintiffs. Lawson Fite, Esq. and Megan Callan, Esq. appeared on behalf of FWS. The Intervenor Defendants were represented by John Poulos, Esq. for Petroleum Association of Wyoming, Kenneth Miller, Esq. for State of Wyoming and Thomas Jacobson, Esq. for State of Wyoming, Colorado Cattlemen's Association, Colorado Farm Bureau and Wyoming Stock Growers Association. After due consideration of the parties' submission and oral arguments the Court GRANTS Plaintiffs' motion and takes FWS's motion under submission.

***BACKGROUND***

This action concerns FWS's decision on September 9, 2003, to withdraw a proposed rule to list the mountain plover, a small bird, as threatened under the Endangered Species Act ("ESA"). Plaintiffs thereafter initiated this action, challenging FWS's decision under Section 4 of the ESA, 16 U.S.C. § 1533(b)(6)(B)(ii) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

FWS lodged its administrative record with the Court on August 1, 2007. *Doc. 41*. As a result of Plaintiffs' questioning of its completeness, FWS supplemented the record twice more on November 19, 2007 and January 22, 2008. *Doc. 46 & 49.* Not satisfied with the state of the record Plaintiffs propounded written discovery that later became the subject of their motion to compel, which was heard on March 27, 2008. Although discovery is generally not permitted in APA cases the Court granted the motion, concluding the record lacked substantive information as to how the decision to withdraw the proposed rule was made or who made that decision and that FWS had acted in bad faith. *Order Granting Motion to Compel, Doc. 66.* FWS was ordered, therefore, to respond to Plaintiffs' interrogatories, requests for admission and requests for documents, reasoning that at a minimum responses to these would establish whether or not additional information exists that may be appropriate for inclusion in the administrative record.

## I. PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES

Plaintiffs now contend the responses FWS provided to interrogatories 1-6, 11 and 13-15 are insufficient. In response to each of these interrogatories FWS invoked FED. R. CIV. P. Rule 33(d)'s option to produce business records in lieu of providing a narrative response.[1] [2] Rule 33(d) provides:

> Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. FED. R. CIV. P. Rule 33(d).

FWS's invocation of Rule 33(d) in response to Plaintiffs' interrogatories is problematic on two grounds. First, complete answers to the interrogatories can not be determined solely through a review of the administrative record. Second, to the extent portions of the record may be responsive to the interrogatories FWS has failed to specify these documents in sufficient detail for them to be located and identified.

### A. <u>FWS's Responses Fail to Provide Complete Answers to the Interrogatories</u>

By their nature FWS's responses are more narrow than the scope of the requests. All of the interrogatories at issue request FWS to "(i)dentify and describe *any* communications...," not just written communications. *Declaration of Lawson E. Fite in Support of Motion for Protective Order*, Ex. B & Ex. C, emphasis added (hereafter *"Fite Declaration"*). To the extent any of the referenced communica-

---

[1] FWS also objects to each interrogatory on the basis discovery is barred because judicial review of Plaintiffs' claims is limited to the administrative record – an objection that was previously raised and overruled and, therefore, will not be revisited in connection with the motions currently before the Court.

[2] In the third response FWS also asserts attorney-client and work product privileges in response to interrogatory 14, even though the privileges were not asserted in the earlier responses to interrogatory 4, upon which number 14 is predicated. FWS also failed to identify any documents for which attorney-client or work product privileges are asserted despite specifically being ordered to do so. Failing to assert a privilege or making a blanket assertion, i.e. a generalized, nonspecific claim, may impliedly waive any otherwise applicable privilege. See *Eureka Financial Corp. v. Hartford Accident & Indemnity Co.*, 136 F.R.D. 179, 182 (E.D. Cal. 1991). However, because a further response to this interrogatory is forthcoming and the issue as to whether FWS has waived privileges was not sufficiently explored during the hearing, a decision will be deferred on this matter.

tions were oral or are not contained within the administrative record, responses under Rule 33(d) are wholly insufficient. While such a literal interpretation of interrogatories may not be appropriate in every case in which a party invokes Rule 33(d), given the history of this case and the purpose for the interrogatories it is extraordinary that FWS would consider such responses to be appropriate here.

FWS's responses to interrogatories 1-6, 11 and 13-15 directly subvert their purpose. Discovery was permitted because the Court concluded significant gaps existed in the record and responses would "establish whether or not additional information exists that may be appropriate for inclusion...." *Order Granting Motion to Compel*, p. 11. This conclusion was reached only after the Court determined FWS's administration and production of the administrative record directly rebutted any presumption of regularity. *Id.* at p. 4. At that time, despite supplementing the record twice and certifying on three separate occasions it was full and complete, the record was undisputedly incomplete. FWS has since supplemented the record three more times, each time again certifying its completeness. *Doc. 68, 83, & 87*. The fact that the record is now "more complete" does not assuage the Court's ongoing concern about the completeness of the record or the thoroughness of FWS's internal review for documents. Nor does the fact that FWS has produced additional documents obviate its duty to provide complete interrogatory responses.

**B. <u>FWS's Responses Fail to Sufficiently Identify Responsive Documents</u>**

It is likely that responses to Plaintiffs' interrogatories may be partially answerable by documents within the administrative record and, if so, responses that partially rely on Rule 33(d) may be appropriate. However, the manner in which FWS thus far has identified these documents does not provide sufficient detail for responsive documents to be located and identified.

When invoking Rule 33(d), the responding party has the duty to specify by category and location, the records from which answers can be derived. *O'Conner v. Boeing*, 185 F.R.D. 272 (Cal. C.D. 1999), citing *Rainbow Pioneer v. Hawaii Nevada Investment Corp.*, 711 F.2d. 902, 906 (9th Cir. 1983). When voluminous documents are produced they must be accompanied by indices designed to guide the searcher to documents responsive to the interrogatories. *Id.* citing *State of Colorado v. Schmidt Tiego Construction Co.*, 108 F.R.D. 731, 735 ("The appropriate answer when documents are to

be used [under Rule 33(d)] is to list the specific document provided the other party and indicate the page or paragraphs that are responsive to the interrogatory.")

In each response FWS cites without any specificity to "the records contained in the Administrative Record." *Fite Declaration*, Ex. B & Ex. C. FWS contends the index to the administrative record is a sufficient roadmap for Plaintiffs to locate the responsive documents. The index, however, is a roadmap to all documents that are contained within the administrative record, not a roadmap to documents from which an answer to a specific interrogatory can be ascertained. It is inconceivable that all documents contained within the administrative record are responsive to each interrogatory. A more appropriate response would be to identify documents listed on the index that are responsive to each specific interrogatory.

**C. <u>FWS's Conduct & Failure to Comply with Order</u>**

In addition to failing to provide complete responses to the ordered interrogatories, FWS failed to provide a comprehensive privilege log prepared in compliance with Chambers' Rules, as specifically directed in the Court's prior order. *Order Granting Motion to Compel*, p. 12. Although FWS contends it is committed to fully cooperating in preparing this case for judicial review, its actions thus far belie these representations and only serve to heighten concern regarding FWS's motivations.

As explained in the Court's prior order, FWS's failure to timely produce a complete administrative record smacks of bad faith. Unfortunately, FWS's actions since that time only serve to heighten concern. FWS chose to disregard the Court's order by providing incomplete discovery responses and an inadequate privilege log. When Plaintiffs expressed concern about the sufficiency of the responses, instead of engaging in a good faith effort to resolve the parties' differences, FWS took positions that were adversarial and were not conducive to reaching a resolution. In support of the opposition to the motion to compel, FWS submits declarations by employees that provide information that is responsive to Plaintiffs' interrogatories and has not previously been proffered. Why this information was not provided earlier... in response to the interrogatories and prior to the filing of Plaintiffs' motion... defies reason.

FWS will be afforded a final opportunity to "get it right" by providing full and complete responses to Plaintiffs' interrogatories and recasting the privilege log in compliance with Chambers'

rules. However, the Court cautions FWS that any further instances of what has been observed to be dilatory tactics and recalcitrant behavior will result in increasingly severe intervention, including the possibility of depositions and the appointment of a special master.

**D. Sanctions**

When a motion to compel is granted, except in certain enumerated circumstances "the (C)ourt must, after giving an opportunity to be heard, require the party... whose conduct necessitated the motion, the party or attorney advising that conduct, or both" to pay the movant's reasonable attorney fees and expenses incurred in making the motion. FED. R. CIV. P. 37(a)(5)(A). FWS's failure to provide sufficient interrogatory responses was not substantially justified so as to warrant an exception to this rule. Although Plaintiffs have requested attorney fees and expenses be awarded, the Court lacks evidence to determine the appropriate amount of sanction and requests Plaintiffs to provide appropriate evidence.

## II. FWS'S MOTION FOR PROTECTIVE ORDER

Because FWS failed to provide adequate responses to the written discovery requests Plaintiffs served deposition notices and subpoenas in July for five individuals – former and current FWS employees. Four of these employees were on the conference call in which the decision was made to change the listing rule to a withdrawal of listing. The fifth is the lead biologist who authored the draft listing rule which, if adopted would have resulted in the plover being granted ESA protection. Plaintiffs seek to depose the individuals about the internal debate between Regional Offices 1 and 6, whether there is any documentation and whether MacDonald provided comments to the individuals that influenced this debate. They also intend to question the individuals responsible for making the decision to not list the plover about whether any documentation was made of the August 11, 2003, conference call, what information was reviewed prior to or during the call, and the information that the participants relied upon in making their decision and any communications that occurred after the call regarding the decision to not list the plover.

To determine whether the depositions are warranted, the Court must analyze whether one or more exceptions to the record rule exist, given the current state of the administrative record and FWS's administration thereof. The interrogatories that are the subject of Plaintiffs' motion to compel broach

many of the proposed areas for inquiry by deposition. While the Court is empathetic to Plaintiffs' argument regarding the need for the depositions, it is hesitant to allow the depositions to proceed while FWS's further interrogatory responses are still pending. Therefore, the Court takes FWS's motion for protective order under submission, subject to further review once FWS has satisfied its duty to provide sufficient responses to Plaintiffs' interrogatories.

***CONCLUSION***

Based on the foregoing, Plaintiffs' motion is GRANTED and FWS's motion is taken under submission. FWS shall provide further full and complete responses to Plaintiffs' interrogatories and a detailed privilege log in compliance with this Court's Chambers' Rules no later than October 14, 2008.

Plaintiffs are requested to provide evidence in support of their request for fees and costs incurred in connection with their motion to compel no later than October 13, 2008. FWS may file and serve responsive briefing no later than October 27, 2008.

DATED: September 29, 2008

Hon. Leo S. Papas
U.S. Magistrate Judge